UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KAYHEEM LILLY,                              )
                                            )
                        Plaintiff,          )          **AMENDED COMPLAINT**
                                            )
        -against-                           )          **JURY TRIAL DEMANDED**
                                            )
THE CITY OF NEW YORK; NYPD DETECTIVE )                 **16 Civ. 322 (ER)**
MALCOLM FREEMAN, Shield No. 7049; NYPD )
POLICE OFFICER SOUL KIM, Shield No. 10804; )
NYPD POLICE OFFICER ANDREW HONG;            )
NYPD POLICE SERGEANT DONALD                 )
CAMBRIDGE; NYPD DETECTIVE JORGE             )
TAJEDA; NYPD DETECTIVE FRANK                )
BATISTA; NYPD SERGEANT KEVIN                )
WHETSTONE; JOHN DOE SERGEANT; JOHN          )
DOES; and RICHARD ROES,                     )
                                            )
                        Defendants.         )
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff KAYHEEM LILLY seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed Notices of Claim with the Comptroller of the City of New York on January 12, 2015 and February 27, 2015 concerning the incidents of October 17, 2014 and the dismissal of the charges stemming from that incident.  More than 30 days have elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York, New

York County.  Plaintiff is African-American.

8.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.     Defendants NYPD DETECTIVE MALCOLM FREEMAN, NYPD POLICE OFFICER SOUL KIM, JOHN DOE SERGEANT, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants NYPD DETECTIVE MALCOLM FREEMAN, NYPD POLICE OFFICER SOUL KIM, JOHN DOE SERGEANT, and JOHN DOES are sued individually.

10.    Defendants NYPD DETECTIVE MALCOLM FREEMAN, JOHN DOE SERGEANT and RICHARD ROES are and were at all times relevant herein duly appointed and

acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD DETECTIVE MALCOLM FREEMAN, JOHN DOE SERGEANT and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

### Concerning the October 4, 2014 Incident

11.     On October 4, 2014 Plaintiff went to the Sin City strip club, located at or near 2520 Park Avenue, Bronx, NY, with some friends.

12.     Plaintiff was outside of the club.

13.     One of the club's bouncers did not want to let Plaintiff into the club.

14.     A number of JOHN DOES members of the NYPD (approximately 7 or 8 of them), on information and belief including Defendant FREEMAN, and possibly Defendants TAJEDA, BATISTA, and WHETSTONE as well, then came out from inside of the club.

15.     Some of these JOHN DOES, on information and belief including Defendant FREEMAN, and possibly Defendants TAJEDA, BATISTA, and WHETSTONE as well,

approached Plaintiff and asked him why he was standing there, and told him to move.

16.     Plaintiff, while back-stepping away from the JOHN DOES, cursed at the bouncer.

17.     Plaintiff did not threaten the bouncer in any way.

18.     Some of the JOHN DOES followed Plaintiff for some distance to an area by a parking lot.

19.     Plaintiff, perturbed that the police were following him for no good reason, commented that someone had been shot in front of the club a week or so previously, and asked why the police were not looking for that person.

20.     Plaintiff never refused to leave, nor disobeyed any directive issued to him by the police.

21.     A JOHN DOE, on information and belief Defendant FREEMAN, then slammed Plaintiff into a party van, manhandled Plaintiff, and placed Plaintiff into handcuffs that were exceedingly and punitively tight, all without cause or justification.

22.     There was no probable cause to believe that Plaintiff was committing or had committed any violation of the law, and Plaintiff was arrested solely in retaliation for his words that were protected by the First Amendment.

23.     Plaintiff was then placed into a police transport vehicle.

24.     While in the transport vehicle Plaintiff complained about the painful tightness of the handcuffs, but nothing was done by the transporting JOHN DOES, on information and belief Defendants TAJADA and BATISTA, to loosen them.

25.     Plaintiff, after being driven around for a half an hour or so, was taken to the NYPD 41st Precinct where he was searched.

26.    During his search at the 41st Precinct a marijuana cigarette that Plaintiff had with him fell from Plaintiff's boot.

27.    Plaintiff was placed, still handcuffed with excessive and punitive tightness, into a cell.

28.    Plaintiff sustained injuries to his left shoulder, head and neck from the excessive force inflicted upon him by Defendant FREEMAN, and his wrists were numb for approximately two weeks thereafter from being handcuffed with excessive tightness for a prolonged period of time.

29.    Plaintiff requested medical care while he was at the precinct, but the JOHN DOES officers on duty ignored his requests.

30.     Plaintiff was charged with Unlawful Possession of Marijuana in violation of Penal Law § 221.05, and three counts of Disorderly Conduct in violation of Penal Law § 240.20 (1), (2) and (3).

31.    Plaintiff accepted an Adjournment in Contemplation of Dismissal on February 6, 2015, and all charges against Plaintiff have been dismissed in their entirety.

32.    The NYPD provides improper favoritism, protection, and special, preferential treatment to the Sin City club.  *See*, e.g., "EXCLUSIVE: Bronx strip club where workers were hit with drug charges has retired NYPD cop on payroll," by Graham Rayman, New York Daily News, July 27, 2016, viewable at http://www.nydailynews.com/new-york/nyc-crime/shady-bronx-strip-club-retired-nypd-payroll-article-1.2727149 .  The article reports, *inter alia*, that Sin City's owner has a retired NYPD Inspector named James Alles on its payroll to act as a go-between with the local precinct commanders and to get special, preferential treatment for Sin City by the

police, and that this arrangement has been in existence since May 2012.  The article also reports

that former Inspector Alles "even got commanders to dispatch two cops and a patrol car to sit

outside the club on busy nights — a sort of personal security service at taxpayers' expense —

according to the former [Sin City] manager."  The article also reports that "[s]ources said

Drakopoulos [the owner of Sin City] regularly boasted over the years that he was close to NYPD

Chief David Colon, who retired in May in the midst of the ongoing gifts-for-favors scandal in the

force, a source close to the club said."


**Concerning the October 17, 2014 Incident**

  33. On October 17, 2014, Plaintiff was walking down the sidewalk with some friends

on 1st Avenue between 104th and 105th Streets, New York, NY.

  34. Plaintiff was holding an opaque bag with a bottle of tequila in it.

  35. The bottle of tequila had its cap on, and was not open.

  36. Two JOHN DOES members on the NYPD, on information and belief Defendants

KIM and HONG, approached Plaintiff and his friends and told them to stop.

  37. Plaintiff and his friends stopped.

  38. The officers said to give them the bag, and asked what was in the bag.

  39. Plaintiff asked the officers what was bothering them, and told the officers that he

was not legally required to show them what was in his bag.

  40. Plaintiff and his friends told the officers that they should call for a Sergeant to

come to the scene.

  41. The officers radioed for a Sergeant to come to the scene.

42.    Approximately five minutes later Defendant JOHN DOE SERGEANT (who was a black male), on information and belief Defendant CAMBRIDGE, came to the scene, along with 3 or 4 other JOHN DOES officers.

43.    JOHN DOE SERGEANT, on information and belief Defendant CAMBRIDGE, first spoke with Defendant KIM, then with Plaintiff and his friends.

44.    Plaintiff told JOHN DOE SERGEANT, on information and belief Defendant CAMBRIDGE, that he had not been drinking, and that his bag was opaque, and demanded to know why he was being bothered by the officers.

45.    Plaintiff was ordered to hand over his bag, and the police on the scene looked inside of it and then issued Plaintiff three summonses.

46.    There was no reasonable suspicion to stop or search Plaintiff, and no probable cause to believe that Plaintiff was committing or had committed any violation of the law, and Plaintiff was issued the summonses solely in retaliation for his words that were protected by the First Amendment.

47.     Plaintiff was illegally detained at the location for approximately half an hour.

48.    Claimant was illegally issued summons # 4420658975, falsely charging Plaintiff with disorderly conduct in violation of Penal Law § 240.20 (1).

49.    This summons was signed under penalty of perjury by Defendant KIM, and falsely alleges that "AT TIME PLACE OF OCCURRENCE THE UNDERSIGNED OBSERVED THE DEFENDANT ON A PUBLIC SIDEWALK, WITH INTENT TO CAUSE DISRUPTION, ACT IN A VIOLENT AND THREATENING MANNER TOWARDS UNDERSIGNED. DEFENDANT'S ACTION CAUSED A CROWD TO GATHER."

8

50.     These allegations are lies.

51.     Plaintiff neither intended to, nor did, disrupt anything or anyone.

52.     Plaintiff never acted in any sort of violent or threatening manner toward any of the officers.

53.     No crowd gathered.

54.     This summons was dismissed under docket # 2014SN083952 by mail on December 4, 2014, as legally insufficient.

55.     Plaintiff was also issued summons # 4420659036 (docket # 2104SN083658), which falsely charged Plaintiff with possessing an open container of alcohol in violation of the New York City Administrative Code § 10-125(b).

56.     This summons was also signed under penalty of perjury by Defendant KIM, and falsely alleges that "AT TIME PLACE OF OCCURRENCE THE UNDERSIGNED OBSERVED THE DEFENDANT WITH AN OPEN 750 ML GLASS BOTTLE OF PATRON LIQUOR ON A PUBLIC SIDEWALK IN PLAIN VIEW."

57.     These allegations are lies.

58.     Plaintiff's bottle of tequila, as described above, was in an opaque bag, and was closed with the cap on.

59.     Plaintiff was also issued summons # 4420659040 (docket # 2104SN083293), which falsely charged Plaintiff with littering in violation of the New York City Administrative Code § 16-118 (1).

60.     This summons was also signed under penalty of perjury by Defendant KIM, and falsely alleges that "AT TIME PLACE OF OCCURRENCE THE UNDERSIGNED OBSERVED

9

THE DEFENDANT DISPOSE A CLEAR PLASTIC CUP ONTO A PUBLIC SIDEWALK IN

POLICE PRESENCE."

61.     These allegations are lies.

62.     Plaintiff never had any cup with him on the date of the incident, and never disposed

of any cup.

63.     Plaintiff missed his required December 17, 2014 court date for these two

summonses (#s 4420659036 and 4420659040), and found out on or about January 9, 2015 that a

warrant had issued for his arrest due to his failure to appear.

64.     Plaintiff thereafter presented himself in Criminal Court to clear the warrants for

these two summonses (#s 4420659036 and 4420659040), and both were ultimately dismissed by

the Criminal Court on February 17, 2015 (the Court's stated reason was a failure to prosecute).

65.     All three of the summonses also alleged that Plaintiff said "I DON'T HAVE TO

SHOW YOU SHIT," and "I KNOW THE LAW."  It is not remembered whether Plaintiff used

those exact quotes, but he did say these sorts of things to the officers, which angered them and

caused them to wrongfully issue these summonses.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

66.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

67.     By their conduct and actions in stopping plaintiff, searching plaintiff, seizing

plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously

prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, fabricating evidence / false statements against plaintiff, endangering plaintiff's health and welfare, failing to provide medical care for plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants NYPD DETECTIVE MALCOLM FREEMAN, NYPD POLICE OFFICER SOUL KIM, JOHN DOE SERGEANT, NYPD POLICE OFFICER ANDREW HONG, NYPD POLICE SERGEANT DONALD CAMBRIDGE, NYPD DETECTIVE JORGE TAJEDA, NYPD DETECTIVE FRANK BATISTA, NYPD SERGEANT KEVIN WHETSTONE, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

68.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

69.     The plaintiff incorporates by reference the allegations set forth in all previous

11

Paragraphs as if fully set forth herein.

70.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants NYPD DETECTIVE MALCOLM FREEMAN, JOHN DOE SERGEANT, NYPD POLICE SERGEANT DONALD CAMBRIDGE, NYPD DETECTIVE JORGE TAJEDA, NYPD DETECTIVE FRANK BATISTA, NYPD SERGEANT KEVIN WHETSTONE and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

71.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

72.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

74.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employees and police officers, and of failing to inform the individual defendants' supervisors of

their need to train, screen, supervise or discipline said defendants.  These policies, practices,

customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

75.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence

and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

76.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning corruption within its

ranks, including through bribery and the provision of special, preferential treatment to individuals

and / or businesses that provide bribes – directly or indirectly – to members and/or former

members of the NYPD.  Such policies, practices, customs and/or usages are a direct and

proximate cause of the unconstitutional conduct alleged herein.

77.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of

and/or retaliation for individuals' exercise of free speech and association in a manner that affronts

police officers or is interpreted by police officers as challenging their authority or observing or documenting their activities.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

78.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

79.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

80.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

82.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

83.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

84.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

86.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

87.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed

15

by the laws and Constitution of the State of New York.

88.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

89.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

91.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

92.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

93.     By the conduct and actions described above, defendants employed regularly issued

process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

94.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## MALICIOUS PROSECUTION

95.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

96.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

17

**TRESPASS**

98.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

99.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

100.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

101.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

102.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

103.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

18

**TWELFTH CLAIM**

**NEGLIGENCE**

104.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

105.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

106.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**THIRTEENTH CLAIM**

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

107.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

108.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

110.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

111.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

112.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

113.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
           August 4, 2016

                                  _____/S/_____
                                  JEFFREY A. ROTHMAN, Esq.
                                  315 Broadway, Suite 200
                                  New York, New York 10007
                                  (212) 227-2980

                                  Attorney for Plaintiff