USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: __11/1/2016__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAYHEEM LILLY,

                Plaintiff,

    -against-

THE CITY OF NEW YORK; NYPD DETECTIVE
MALCOLM FREEMAN, Shield No. 7049; NYPD
POLICE OFFICER SOUL KIM, Shield No. 10804;
NYPD POLICE OFFICER ANDREW HONG;
NYPD POLICE SERGEANT DONALD
CAMBRIDGE; NYPD DETECTIVE JORGE
TAJEDA; NYPD DETECTIVE FRANK
BATISTA; NYPD SERGEANT KEVIN
WHETSTONE; JOHN DOE SERGEANT; JOHN
DOES; and RICHARD ROES,

                Defendants.
------------------------------------------------------------X

**JUDGMENT PURSUANT TO RULE 68**

**16 Civ. 322 (ER)**

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about January 14, 2016, alleging that defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** on October 26, 2016, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants offered to allow plaintiff to take judgment against the City of New York; and

**WHEREAS,** on October 27, 2016, plaintiff accepted defendants' Rule 68 Offer of Judgment;

    **NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff will take judgment against defendant City of New York in this action for the sum of Ten Thousand and One Dollars ($10,001.00), plus reasonable attorneys' fees, expenses and costs to the date of the offer for plaintiff's federal claims.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment shall not to be construed as an admission of liability by defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor it is an admission that plaintiff has suffered any damages.

4. In accepting defendants' offer of judgment, plaintiff releases and discharges defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action.

5. By accepting the offer of judgment, plaintiff waived plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, plaintiff agreed that the aforesaid payment of Ten Thousand and One ($10,001.00) Dollars within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By acceptance of this Rule 68 Offer of Judgment, plaintiff agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as a secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff further agrees to hold harmless defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York

      November  1 , 2016

                                                            _____
                                                            HON. EDGARDO RAMOS, U.S.D.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HAKEEM LILLY,

                                                Plaintiff,

                -against-                         **RULE 68**
                                                           **OFFER OF JUDGMENT**

CITY OF NEW YORK, et al.

                                      Defendants.     16-CV-0322-ER

------------------------------------------------------------------------ x

        Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants hereby offer to allow plaintiff Hakeem Lilly to take a judgment against the City of New York in this action for the total sum of Ten Thousand and One ($10,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of this offer for plaintiff's federal claims.

        This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

        This offer of judgment may only be accepted up to and including November 10, 2016.

        This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that plaintiff has suffered any damages.

Acceptance of this offer of judgment will act to release and discharge defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff arising out of the facts and circumstances that are the subject of this action.

Acceptance of this offer of judgment also will operate to waive plaintiff's rights to any claim for interest on the amount of the judgment.

Plaintiff Hakeem Lilly agrees that payment of Ten Thousand and One ($10,001.00) Dollars within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If plaintiff Hakeem Lilly is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date plaintiff submits to counsel for defendants a final demand letter from Medicare.

By acceptance of this Rule 68 Offer of Judgment, plaintiff Hakeem Lilly agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff Hakeem Lilly further agrees to hold harmless defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

    The judgment shall contain and recite the terms and conditions set forth herein.

Dated:  New York, New York
     October 26, 2016

               ZACHARY W. CARTER
               Corporation Counsel of the
                City of New York
               *Attorney for Defendants New York City, Malcolm Freeman, Police Officer Soul Kim*
               100 Church Street, Room 3-312
               New York, New York 10007
               (212) 356-2335

           By  _/s/ Elissa Fudim_
               Elissa Fudim
               *Assistant Corporation Counsel*

To: **VIA HAND DELIVERY**
   Jeffrey A. Rothman
   315 Broadway, Suite 200
   New York, NY 10007

 **Jeffrey Rothman <rothman.jeffrey@gmail.com>**

## Lilly - re your Rule 68 Offer
2 messages

**Jeffrey Rothman** <rothman.jeffrey@gmail.com>   Wed, Oct 26, 2016 at 2:13 PM
To: "Fudim, Elissa (Law)" <efudim@law.nyc.gov>

Elissa,

Your messenger just hand-delivered your Rule 68 Offer.  It incorrectly refers to Plaintiff as "Hakeem" Lilly.  Please confirm by return email that where it says "Hakeem," you meant to say "Kayheem" (which is Plaintiff's proper first name).

Thank you,

Jeff

--
Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel: (212) 227-2980
Cell: (516) 455-6873
Fax: (212) 591-6343

**Fudim, Elissa (Law)** <efudim@law.nyc.gov>   Wed, Oct 26, 2016 at 2:19 PM
To: Jeffrey Rothman <rothman.jeffrey@gmail.com>

Oh my mistake. Yes.

Sent from my iPhone
[Quoted text hidden]

**Jeffrey A. Rothman**
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

October 27, 2016

**By Hand To:**
Elissa Fudim, Esq.
Assistant Corporation Counsel
NYC Law Department
Special Federal Litigation Division
100 Church Street
New York, NY 10007

      *Re:*   Kayheem Lilly v. City of New York, et al.,
              16 Civ. 322 (ER)

Dear Elissa:

    Plaintiff hereby accepts Defendants' Rule 68 Offer of Judgment of October 26, 2016. Concerning attorney's fees and costs, I will email you my time sheets, and an itemization of my out-of-pocket expenses, shortly so we can see if we can reach a stipulation as to the attorney's fees and costs that would avoid the need for a formal fee application.

    Thank you for your consideration in this matter.

Sincerely yours,

Jeffrey Rothman
