Index No. 16-CV-00322-ER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAYKEEM LILLY,

                                                                  Plaintiff,

-against-

CITY OF NEW YORK, et. al.,

                                                                   Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant, City of New York*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Elissa Fudim*
   *Tel: (212) 356-2335*
   *Matter #: 2016-011023*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ i

PROCEDURAL HISTORY ................................................................................................. 1

ARGUMENT

      POINT I

           PLAINTIFF'S COUNSEL'S REQUESTED
           HOURLY RATE IS EXCESSIVE. ........................................................... 2

                (i) Plaintiff's Limited Success. ....................................................... 4

                (ii) Mr. Rothman's Proposed Rate Is Not In
                Line With Market Rates. ............................................................. 5

      POINT II

           THE AMOUNT OF HOURS EXPENDED BY
           PLAINTIFF'S COUNSEL MUST BE REDUCED. ............................... 11

      POINT III

           PLAINTIFF'S COUNSEL SHOULD NOT BE
           GRANTED FEES FOR PREPARATION OF THE
           FEE APPLICATION ............................................................................ 13

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and
  Albany County Bd. of Elections,
  522 F.3d 182 (2d Cir. 2008)......................................................................................3, 4

Bailey v. Pataki,
  08 Civ. 8563 (JSR)...........................................................................................................9

Barbour v. City of White Plains,
  788 F. Supp. 2d 216 (S.D.N.Y. 2011)........................................................................5, 6

Barfield v. New York City Health and Hosps. Corp.,
  537 F.3d 132 (2d Cir. 2008)........................................................................................2, 4

Coley v. City of New York,
  15-cv-05132-KAM-LB ......................................................................................................5

Dancy v. McGinley,
  141 F. Supp. 3d 231 (S.D.N.Y. 2015).............................................................................7

Davis v. City of New York,
  10 Civ. 699, 2011 U.S. Dist. LEXIS 120165, 2011 WL 4946243 (S.D.N.Y.
  Oct. 18, 2011) ...................................................................................................................8

DeCurtis v. Upward Bound Int'l Inc.,
  2011 U.S. Dist. LEXIS 114001 (S.D.N.Y. Sept. 27, 2011)......................................5, 7

DiFilippo v. Morizio,
  759 F.2d 231 (2d Cir. 1985).........................................................................................11

Finch v. New York State Office of Children and Family Servs.,
  861 F. Supp. 2d 145 (S.D.N.Y. 2012).............................................................................7

Gierlinger v. Gleason,
  160 F.3d 858 (2d Cir. 1998)............................................................................................3

Handschu v. Special Servs. Div.,
  727 F. Supp. 2d 239 (S.D.N.Y. 2010).............................................................................8

Hensley v. Eckerhart,
  461 U.S. 424 (U.S. 1983)...............................................................................................11

Hicks v. Vane Line Bunkering, Inc.,
  11CV8158, 2013 U.S. Dist. LEXIS 55043 (April 16, 2013).......................................4

Imbeault v. Rick's Cabaret Int'l Inc.,
    No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562 (S.D.N.Y. Aug. 13, 2009) ...........................3

Johnson v. Ga. Highway Express, Inc.,
    488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v.
    Bergeron, 489 U.S. 87 (1989)....................................................................................................3

Kirsch v. Fleet Street, Ltd.,
    148 F.3d 149 (2d. Cir. 1988)....................................................................................................11

Lavely v. Redheads, Inc.,
    03 Civ. 7752 (RMB)(KNF), 2007 U.S. Dist. LEXIS 77109 (S.D.N.Y. Oct. 12,
    2007) .........................................................................................................................................4

Long v. City of New York,
    No. 09 Civ. 699 (AKH), 2010 U.S. Dist. LEXIS 81020 (S.D.N.Y. Aug. 6,
    2010) .......................................................................................................................................13

Lunday v. City of Albany,
    42 F.3d 131 (2d Cir. 1994)......................................................................................................11

Mawere v. Citco Fund Servs. (USA) Inc.,
    09 Civ. 1342 (BSJ) (DF), 2011 U.S. Dist. LEXIS 149111 (S.D.N.Y. Sept. 16,
    2011) .......................................................................................................................................14

New York State Ass'n for Retarded Children, Inc. v. Carey,
    711 F.2d 1136 (2d Cir. 1983)..................................................................................................11

Quaratino v. Tiffany & Co.,
    166 F.3d 422 (2d Cir. 1999)....................................................................................................11

Restivo v. Nassau Cty.,
    2015 U.S. Dist. LEXIS 160336 (E.D.N.Y. Nov. 30, 2015)..................................................5, 6

Rozell v. Ross-Holst,
    576 F. Supp.2d 527 (S.D.N.Y. 2008)....................................................................................5, 7

Rozell v. Ross-Holt,
    576 F.3d 527 (S.D.N.Y. 2008)...............................................................................................4, 7

Salama v. City of New York,
    No. 13 Civ. 9006 (PKC), 2015 U.S. Dist. LEXIS 88728, 2015 WL 4111873
    (S.D.N.Y. July 8, 2015) .......................................................................................................7, 10

Schoolcraft v. City of N.Y.,
    10 Civ. 6005, 2016 WL 4626568 (S.D.N.Y. Sept. 6, 2016) (annexed to the
    Fudim Decl. as Exhibit C) ...............................................................................................7, 8, 10

Simmons v. New York City Transit Auth.,
 575 F.3d 170 (2d Cir. 2009)...................................................................................................3

Spencer v. City of New York,
 No. 06 Civ. 2852 (KMW), 2013 U.S. Dist. LEXIS 161693, 2013 WL 6008240
 (S.D.N.Y. Nov. 13, 2013) ................................................................................................8, 10

Thomas v. City of New York,
 1:09-CV-3162, 2016 U.S. Dist. LEXIS 8960 (S.D.N.Y. January 25, 2016) .........................4, 7

Tucker v. City of N.Y.,
 704 F. Supp. 2d 347 (S.D.N.Y. 2010)................................................................................9, 10

Valley Disposal v. Central Vt. Solid Waste Management Dist.,
 71 F.3d 1053 (2d Cir. 1995)...................................................................................................14

Walker v. City of New York,
 2015 U.S. Dist. LEXIS 101253 (E.D.N.Y. July 28, 2015) .......................................................10

Plaintiff's counsel, Jeffrey Rothman, seeks approximately $35,000 in fees and costs in a case where no depositions were conducted and paper discovery was limited under the Plan. The fee request must be reduced significantly on the grounds that (1) Mr. Rothman achieved limited success for his client – specifically his client accepted a Rule 68 which resulted in a lower recovery to him that a prior global settlement offer; (2) the hourly rate proposed by Mr. Rothman is excessive, (3) the amount of hours expended by Mr. Rothman in litigating this matter are unreasonable, and (4) fees incurred after service of the Rule 68 Offer of Judgment are not recoverable. Additionally, because plaintiff's counsel has submitted similar fee applications in other cases, plaintiff should not recover the substantial fees on fees his counsel currently seeks for preparing his instant motion.

## **PROCEDURAL HISTORY**

Plaintiff filed a complaint in this action on January 15, 2016, alleging various claims arising out of his On October 4, 2014 arrest and the issuance of three summonses to him on October 17, 2014. See Docket Entry No. 1. Plaintiff subsequently amended the complaint on August 4, 2016. See Docket Entry No. 13. On September 19, 2016, six weeks after plaintiff filed his Amended Complaint, plan mediation was held. See Docket Entry dated Sept. 20, 2016. The mediation was unsuccessful, but at its conclusion, Mr. Rothman asked the mediator to review plaintiff's medical records in the coming weeks and provide a mediator's proposal for settlement. See Declaration of Elissa P. Fudim ("Fudim Decl.) at ¶ 5. The mediator agreed. Id. at ¶ 6. Two weeks later, the mediator made his proposal. Id. at ¶ 7. The City accepted the proposal; plaintiff apparently rejected it. Id. at ¶ 9.

Following the mediation, the City served a Rule 68 in this case for $10,001. Plaintiff surprisingly accepted the Rule 68 offer. See Docket Entry # 22. His acceptance was surprising because it provided plaintiff with a lower recovery by several thousand dollars than

had he accepted the mediator's proposed global settlement (assuming that he and counsel agreed to a standard two thirds / one third recovery split). Fudim Decl. at ¶ 12. The only beneficiary was Mr. Rothman, who now seeks $35,000 in fees and costs, more than three times his client's own recovery. Yet, Mr. Rothman calls the City's refusal to cave to his gluttonous demands as "bad faith". See Rothman Decl. at ¶ 4. Counsel's aspersion is without basis.

The City was willing to negotiate with Mr. Rothman regarding his fees. Indeed, as improperly noted by plaintiff's counsel in his motion, the City initially offered Mr. Rothman $8,000 for fees (which represents our own approximate fees), but during negotiations discussed raising the offer to $15,000[1]. Mr. Rothman refused. The City's refusal to further increase its offer does not make the City's position one of bad faith; it is simply a rejection of Mr. Rothman's over-reaching at the expense of his client and ultimately the City as well.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S ATTORNEY'S
REQUESTED HOURLY RATE IS EXCESSIVE**

Plaintiff's counsel seeks compensation at the rate of $600 an hour in this garden variety civil rights case, which was resolved immediately following Plan mediation. This rate is completely unreasonable.

District courts are afforded considerable discretion in determining the amount of attorneys' fees in any given case. See Barfield v. New York City Health and Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). In calculating a reasonable fee award, the Second Circuit has

---

[1] It was completely improper for plaintiff's counsel to disclose specific dollar amounts discussed during fee settlement negotiations, just as it was likewise improper for plaintiff's counsel to include copies of actual settlement correspondence between counsel in his fee application. However, now that Mr. Rothman has done so, we need to address them.

2

adopted the "presumptively reasonable fee" approach. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). "Although the term 'lodestar' is now disfavored by the Second Circuit, the applicable approach still contemplates (1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to a successful outcome for the client, and (2) the setting of reasonable hourly rates for counsel . . . ." Imbeault v. Rick's Cabaret Int'l Inc., No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562, at *1 (S.D.N.Y. Aug. 13, 2009) ("In determining a 'reasonable' fee, the 'most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" (quotation omitted). "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks and citation omitted).

In determining the reasonable hourly rates to be applied, courts should look to the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 896, n.11 (1984)).

In Arbor Hill, the Second Circuit instructed courts in this district, when assessing the appropriate hourly rate, to apply the twelve factors listed by the Fifth Circuit in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989). The twelve Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly

3

> rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 493 F.3d at 117-118 (citing Johnson, 488 F.2d at 717-19); see also Rozell v. Ross-Holt, 576 F.3d 527, 536-37 (S.D.N.Y. 2008); Lavely v. Redheads, Inc., 03 Civ. 7752 (RMB)(KNF), 2007 U.S. Dist. LEXIS 77109, at *18-19 (S.D.N.Y. Oct. 12, 2007). Courts are also to apply other "case-specific variables" which may be "relevant to the reasonableness of attorney's fees." Arbor Hill, 493 F.3d at 117.

The burden of proof rests with the party applying for fees "to produce evidence of the relevant market and the rate charged in that market." Hicks v. Vane Line Bunkering, Inc., 11CV8158 (KBF), 2013 U.S. Dist. LEXIS 55043 (April 16, 2013). For the reasons set forth below, Plaintiff's counsel's proposed hourly rate of $600 is not reasonable in this case.

**(i) Plaintiff's Limited Success**

The most critical factor courts consider when assessing a compensation rate is the degree of success obtained compared to what was sought in the litigation. Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). "Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved." Id.; Thomas v. City of New York, 1:09-CV-3162 (ALC), 2016 U.S. Dist. LEXIS 8960 (S.D.N.Y. January 25, 2016).

In this case, plaintiff's Amended Complaint alleged twelve causes of action against eight defendants, based on two separate incidents, which allegedly caused him to be

unjustly jailed and prosecuted, and allegedly caused him an injury to his head, neck and shoulder. See Amended Complaint, *in passim*. Yet, for all these alleged wrongs, he recovered only $10,001 by virtue of accepting the Rule 68. Further, he would have recovered several thousand dollars more had he accepted the mediator's settlement proposal – to which the City had agreed. Just last week in Coley v. City of New York, 15-cv-05132-KAM-LB, Magistrate Judge Bloom in the Eastern District substantially reduced a plaintiff's counsel's fee demand, and noted that "[t]he Court cannot ignore that defendants' counsel offered plaintiffs a global settlement [that]… would have resulted in a larger monetary award for plaintiffs. Of course, acceptance of this offer would have likely resulted in a smaller fee award for plaintiffs' counsel." See Coley, 15-cv-05132-KAM-LB at D.E. # 41.

**(ii)  Mr. Rothman's Proposed Rate Is Not In Line With Market Rates**

In addition to limited success, Mr. Rothman's proposed hourly rate should also be reduced because it is not "entirely in line with prevailing market rates" as he claims. See Plaintiff's Memorandum of Law ("Plaintiff's MOL") at 8. On the contrary, Mr. Rothman's requested hourly rate of $600 is both considerably higher than typically awarded to practitioners in this area of law, and not appropriate in this particular case, as this case was neither factually nor legally complex.

To justify a $600 hourly rate, Mr. Rothman argues that he has been practicing law for fifteen years (since 2001), devoting most of those years to the practice of civil rights litigation. See Rothman Decl. at ¶ 12. He then argues that $600 an hour is a reasonable rate for someone with his years of experience, pointing to four cases in support of his position[2].

---

[2] Restivo v. Nassau Cty., 2015 U.S. Dist. LEXIS 160336 (E.D.N.Y. Nov. 30, 2015); Barbour v. City of White Plains, 788 F. Supp. 2d 216 (S.D.N.Y. 2011); DeCurtis v. Upward Bound Int'l Inc., 2011 U.S. Dist. LEXIS 114001 (S.D.N.Y. Sept. 27, 2011); and Rozell v. Ross-Holst, 576 F. Supp.2d 527 (S.D.N.Y. 2008).

5

Plaintiff's MOL at 9. Yet, $600 an hour is not the typical rate awarded to practitioners with fifteen years of legal experiences, and the cases relied upon by counsel are outliers, which differ in significant respects from this case.

First, the fact that Mr. Rothman compares this case to <u>Restivo v. Nassau Cty.</u> (where a Court in the Eastern District awarded counsel $700 an ) is ludicrous. <u>Restivo</u> "was vigorously litigated for eight years. Discovery included thirty-five depositions, spanning over fifty-four deposition days, and twenty-three separate discovery requests. The case was tried twice. The first trial lasted thirty-one trial days over eleven weeks and included the presentation of forty-two witnesses. The second trial spanned seventeen trial days over five weeks and included the presentation of forty witnesses. Both trials were technically complex, involving extensive expert testimony about DNA evidence and forensic hair comparison. Plaintiffs offered nine separate expert witnesses and Defendants offered four. There was litigation over the admissibility of the opinion testimony of eight of these experts, and the parties conducted a five-day <u>Daubert</u> hearing at which Plaintiffs largely prevailed. Throughout most of discovery and the first trial, Plaintiffs' case was joined with that of a third man, [] who also claimed he was wrongfully convicted of the [] murder. This joinder substantially complicated the legal and factual issues in the case…". <u>Restivo</u>, 2015 U.S. Dist. LEXIS 160336 at *3.  By contrast, this case is garden variety false arrest and force case, which was resolved immediately following Plan mediation, without the necessity of a single deposition, let alone a trial, retrial, expert discovery, Daubert motions and so on.

Second, in <u>Barbour v. City of White Plains</u>, another case relied upon by plaintiff's counsel for the proposition that rates in the $600 an hour range are commonplace in civil rights litigation, the defense attorneys never objected to the rate sought by plaintiff's counsel. <u>Barbour</u>,

788 F. Supp. 2d at 225. Third, neither DeCurtis and Rozell, the other cases relied upon by Mr. Rothman, were § 1983 cases; they were civil rights cases within the employment law context. DeCurtis, 2011 U.S. Dist. LEXIS 114001; Rozell, 576 F. Supp.2d 527.

Likewise, the four copyright and trademark cases relied upon by Mr. Rothman are equally irrelevant. See Plaintiff's MOL at 9. Also irrelevant are the "Billing Rates at the Nation's Priciest Law Firms" (such as Debevoise & Plimpton, Paul Weiss, and Skadden Arps), which Mr. Rothman has attached in chart form to his motion. See Plaintiff's Exhibits 6 and 7. "The size of the law firm is a significant factor in determining the relevant market rates." Finch v. New York State Office of Children and Family Servs., 861 F. Supp. 2d 145, 154 n. 50 (S.D.N.Y. 2012) (citing Reiter v. Metropolitan Transp. Of State of New York, 01 CV 2762, 2007 WL 2775144 (S.D.N.Y. Sept. 25, 2007)). "[S]olo or small-firm practitioners [] are incomparable to large law-firms employing thousands of attorneys, where rates factor in massive overhead." Schoolcraft, 10-CV-2016 WL 4626568 at *7.

Rather, the relevant inquiry here is what are the prevailing market rates for § 1983 civil rights practitioners in the Southern District with fifteen years of experience. The answer to that question is not $600 an hour. See e.g. Thomas v. City of New York, 1:09-CV-3162 (ALC), 2016 U.S. Dist. LEXIS 8960, 2016 WL 319982 (S.D.N.Y. January 25, 2016) ("The rates requested by lead counsel [$500 and $600 an hour for attorneys with sixteen years' experience] are above those typically awarded in civil rights cases in the Southern District of New York. Recent case law lists fees of $400 to $450 an hour for attorneys with nearly double [that level of experience]."); Dancy v. McGinley, 141 F. Supp. 3d 231, 237-39 (S.D.N.Y. 2015) (awarding $400-$450 per hour to three attorneys with nineteen to thirty years of experience in civil rights case); Salama v. City of New York, No. 13 Civ. 9006 (PKC), 2015 U.S. Dist. LEXIS

7

88728, 2015 WL 4111873, at *2 (S.D.N.Y. July 8, 2015) (stating that "[r]ates found reasonable by courts in this District for experienced civil rights attorneys appear to cluster in the $350-450 per hour range"); Spencer v. City of New York, No. 06 Civ. 2852 (KMW), 2013 U.S. Dist. LEXIS 161693, 2013 WL 6008240, at *4-5 (S.D.N.Y. Nov. 13, 2013) (awarding $400 hourly rate in civil rights action to attorneys with 10 and 20 years of experience, respectively, finding rate to be "in line with the hourly rates set for attorneys with similar experience and backgrounds in this forum" (collecting cases); Davis v. City of New York, 10 Civ. 699, 2011 U.S. Dist. LEXIS 120165, 2011 WL 4946243, *5 (S.D.N.Y. Oct. 18, 2011) (awarding $425 an hour for a partner with thirty-one years of experience in a civil rights class action); Handschu v. Special Servs. Div., 727 F. Supp. 2d 239, 246 (S.D.N.Y. 2010) (approving an hourly rate of $400 for five attorneys admitted to the bar in the 1960s and 1970s for work on a civil rights class action).

In fact, just a few months ago, Judge Sweet considered a plaintiff's attorney's application for fees at the rate of $600 an hour, and stated the figure was "more equivalent to an opening bid in a negotiation; the highest number one might suggest to frame the conversation before the first counter-offer. A keen client would have negotiated these rates down." Schoolcraft v. City of N.Y., 10 Civ. 6005, 2016 WL 4626568 at *7 (S.D.N.Y. Sept. 6, 2016) (referring to counsel's request for $600 an hour) (annexed to the Fudim Decl. as Exhibit C). Judge Sweet further observed in Schoolcraft that "discounts are the norm and stated rates are more often hypothetical than they are reflective of market rate". Id. Judge Sweet ultimately concluded by calling counsel's request for $600 an hour, "unthethered" (id.) and reduced the rate to $390 (id. at 14). Notably, Mr. Norsinberg, whose rate was reduced by Judge Sweet to $390 an hour, has been a practicing attorney focusing primarily on civil rights litigation for twenty-five

years, ten years <u>more</u> than Mr. Rothman. See Norinsberg Decl. 10-CV-6005 (S.D.N.Y.) D.E. # 560-1, ¶¶ 3, 7.

Finally, Mr. Rothman's argument that he should be entitled to $600 an hour because Judge Rakoff recently awarded him $550 an hour for his work done in <u>Bailey v. Pataki</u>, 08 Civ. 8563 (JSR) is totally misplaced. <u>See</u> Rothman Decl. at ¶¶ 34-35. First, <u>Bailey</u> was <u>not</u> a § 1983 police liability case; <u>Bailey</u> was a § 1983 case concerning involuntary commitment made pursuant to § 9.27 of the New York Mental Hygiene Law. Second, <u>Bailey</u> involved more than 50 parties, 6 consolidated actions, and 8 years of litigation, which went up to the Second Circuit. Mr. Rothman concedes <u>Bailey</u> was an extremely complicated case. <u>See</u> Rothman Decl. at ¶¶ 34-35 citing <u>Bailey</u> (exhibit 8 to Mr. Rothman's motion). Third, "[t]The outcome of [<u>Bailey</u>] resulted in 'ground-breaking conclusions of law' that constituted 'a new rule of liability,'. . . and serve[d] "a significant public interest." <u>Id.</u>, at *20, 24. By contrast, this is a garden variety § 1983 case, which concluded after Plan mediation, and which exposed no new conclusions of law, let alone "ground-breaking" ones. To apply the same rate in <u>Bailey</u> and this case is inappropriate. Yet, incredibly, Mr. Rothman does not even seek the same rate; he seeks an increase in his rate beyond that in <u>Bailey</u>. Mr. Rothman's overreaching is readily apparent.

Indeed, <u>Bailey</u> is not the only case in which Mr. Rothman has been awarded fees. In <u>Tucker v. City of N.Y.</u>, 704 F. Supp. 2d 347, 361 (S.D.N.Y. 2010), this Court awarded Mr. Rothman fees at the hourly rate of $350. <u>Id</u>. <u>Tucker</u>, unlike <u>Bailey</u>, bares remarkable similarity to this case. It was a garden variety §1983 case that resolved when plaintiff accepted a Rule 68 prior to the exchange of any discovery. <u>Id</u>. Further, the Court noted that contrary to Mr. Rothman's averments, the case was not particularly undesirable. "Finally, contrary to plaintiff, we view do not view this case, though small in scope, as notably 'undesirable' from the perspective of an attorney. Although the facts made the outcome at the least uncertain for

9

plaintiff, there were several countervailing considerations, notably (1) the applicability of the statutory-fee provision, (2) the likelihood that the case would not require a great deal of work, and (3) the frequency with which cases of this sort end up settling after a limited investment of time by counsel." Id. Likewise, here, although Mr. Rothman tries to characterize this case as undesirable, there was nothing particularly undesirable about the case, and the same three factors discussed in Tucker are true here.

The only real difference between this case and Tucker is that Tucker was decided in 2010. However, the $350 hourly rate that the Court awarded Mr. Rothman in 2010 is not inconsistent with current hourly rates for attorneys with fifteen years of experience in garden variety § 1983 cases. See e.g. Schoolcraft, Salama, and Spencer supra; see also Walker v. City of New York, 2015 U.S. Dist. LEXIS 101253 (E.D.N.Y. July 28, 2015) (garden variety § 1983 lawsuit awarding plaintiff's counsel, who had twenty years of experience, fees at the rate of $350 an hour rather than the $500/hour he sought).[3] Accordingly, in light of the limited success that Mr. Rothman achieved for plaintiff (specifically that plaintiff ended up with less money than had he accepted the mediator's proposal), the simple nature of this case, and the fact that this case was resolved early, defendants submit that the appropriate hourly rate for Mr. Rothman is $350 an hour.

---

[3] "Plaintiff has identified no case in this District that awarded a rate of $500 per hour to a garden-variety § 1983 claim….Moreover, even plaintiff's original request for $450 sits outside the reasonable range of fees for a case of this type. The few cases in this District that have awarded fees in excess of $400 per hour involved either significantly more experienced counsel or matters materially more complicated than those presented here (or both)." Id. at *10.

# POINT II

## THE AMOUNT OF HOURS EXPENDED BY PLAINTIFFS' COUNSEL MUST BE REDUCED

In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley v. Eckerhart, 461 U.S. 424, 434 (U.S. 1983); Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). A court has broad discretion to "trim the fat" in an application for attorneys' fees, and to eliminate excessive or duplicative hours. See, e.g., Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d. Cir. 1988); Carey, 711 F.2d at 1146-47. "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

The hours allegedly expended by Mr. Rothman are clearly inflated and inappropriate. First, a number of the tasks billed by counsel (at the rate of $600 an hour) are

clearly clerical in nature (for example, sending faxes, printing documents, calling medical offices for records[4], calling the wheel to verify commands, etc.). Further, Mr. Rothman repeatedly bills for personally effecting service on the defendants, rather than having hired a process server for a small fraction of the price; no reasonable client would pay $600 an hour for his attorney to perform a task that a process server could do for $20 an hour.

Mr. Rothman also bills approximately seven hours for drafting the complaint in this action. However, the complaint is only 111 short paragraphs, more than half of which are reusable formulaic causes of action that Mr. Rothman could have copy/pasted from any of the 167 civil rights cases that he states he has litigated in this District. See Rothman Decl. at ¶ 14. He also billed an hour for drafting the Amended Complaint. Yet, the Amended Complaint contains only two new paragraphs, and otherwise simply inserts the names of the newly added officers. Simply put, there is no way that Mr. Rothman spent an hour making these limited changes.

Mr. Rothman also routinely bills for sending and receiving emails. For example, on August 4, 2016, Mr. Rothman bills .5 (that is 30 minutes) for sending the undersigned three, two sentence emails. See Fudim Decl. at ¶ 18, and Ex. B attached thereto. Mr. Rothman has clearly inflated his hours in this regard, and likely has done so with respect to his many other emails to which the undersigned does not have access.

In short, Mr. Rothman's claimed 50 hours of work should be dramatically reduced as they are clearly inflated. Indeed, further evidence of the excessiveness of Mr. Rothman's hours is the fact that the law department billed only 23 hours in connection with this matter. See

---

[4] There is no reason why Mr. Rothman had to obtain plaintiff's medical records when plaintiff himself could have obtained these records for him. No reasonable paying client would agree to

Fudim Decl. at ¶ 13, and Exhibit A attached thereto.  Mr. Rothman met with his client to learn the facts of this case; the undersigned met with the individual defendants to learn the facts of this case.  Mr. Rothman drafted the complaint; the undersigned reviewed the complaint and drafted the answer.  Mr. Rothman reviewed plaintiff's medical records; the undersigned reviewed plaintiff's medical records.  Mr. Rothman prepared Plan disclosures; the undersigned prepared Plan disclosures.  Mr. Rothman prepared a pre-mediation statement; the undersigned prepared a pre-mediation statement.  Mr. Rothman sent emails related to this case; the undersigned sent emails related to this case. Mr. Rothman reviewed the Rule 68; the undersigned drafted the Rule 68.  Simply put, there is no reason why in a case of such short duration, Mr. Rothman's hours should be more than <u>double</u> defense counsel's hours for the same amount of work (unless Mr. Rothman is less skilled than suggested by the hourly rate he proposes).  Accordingly, defendants submit that Mr. Rothman's hours should be reduced to somewhere in the range of 23 hours.

## POINT III

### PLAINTIFF'S COUNSEL SHOULD NOT BE GRANTED FEES FOR PREPARATION OF THE FEE APPLICATION

Mr. Rothman seeks compensation for 6.7 hours of time for preparing this fee application.  Essentially, counsel now seeks "fees on fees."  Some Courts in this Circuit deny fees on fees when a Rule 68 has been accepted. <u>See</u> <u>Long v. City of New York</u>, No. 09 Civ. 699 (AKH), 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) ("Finally, plaintiff's counsel is not entitled to fees and expenses for work done preparing and filing this motion. The Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer."). Other Courts have permitted such fees when the fees are reasonable. Even then,

---

pay his attorney $600 an hour for his attorney to obtain records that he could easily obtain himself.

however, the Court has discretion to "deny or substantially reduce" a request for so-called "fees on fees" where the amount requested is excessive. Mawere v. Citco Fund Servs., (USA) Inc., 09 Civ. 1342 (BSJ) (DF), 2011 U.S. Dist. LEXIS 149111 (S.D.N.Y. Sept. 16, 2011); see also, Valley Disposal v. Central Vt. Solid Waste Management Dist., 71 F.3d 1053, 1059 (2d Cir. 1995) (quoting Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979). As noted by Mr. Rothman in his moving papers, one of the factors courts consider in whether to award fees on fees, is whether the respondent acted in bad faith by refusing to negotiate fees. See Rothman Decl. at ¶ 26-27. Although Mr. Rothman argues that the City acted in bad faith by refusing to negotiate fees following plaintiff's acceptance of the Rule 68 that is simply not true. The City made an offer to pay Mr. Rothman fees in the amount of $8,000. This was a reasonable offer considering that defense counsel had twenty-three hours of time incurred. In response to Mr. Rothman's counter-demand for approximately $27,500 (a reduction of only $2,500), the undersigned agreed to seek authority for $25,000 global (i.e. $15,000 in fees). However, Mr. Rothman indicated that was not sufficient.[5] Contrary to Mr. Rothman's claim that the City acted in bad faith, the opposition is true. Fifteen thousand dollar was a reasonable offer to resolve fees in a garden variety § 1983 case, where plaintiff obtained limited success recovering over $10,001, and defense counsel's own time records contained only 23 hours of time. For these reasons, the Court should decline to award Mr. Rothman fees on fees.[6]

---

[5] Defendants would not reveal these fee negotiation details, which we view as settlement discussions, but for the fact that Mr. Rothman has already disclosed these numbers in his papers.

[6] If the Court is inclined to award fees on fees, defendants submit that 6.7 hours is an excessive amount of for preparation of motion papers, particularly in light of the fact that Mr. Rothman acknowledges that he had just prepared fee application papers in another case. See Rothman Decl. at FN 2. Further, given that Mr. Rothman has litigated 167 civil rights cases in the Southern District alone, and has previously received fee awards in other cases, presumably, he had a template upon which to draw, making the 6.7 hours billed presumptively excessive.

**CONCLUSION**

Plaintiff seeks to recover approximately $35,000 for 56 hours of work in a simple civil rights action in which no significant paper discovery or depositions were conducted. As set forth above, Mr. Rothman's hours are tremendously inflated, and the hourly rate he seeks is "untethered" to the market. Further, the fees sought by plaintiff's counsel are three and a half times greater than plaintiff's own recovery. For the reasons set forth above, plaintiff's fees should be calculated using a rate of $350 an hour. The time he billed for drafting his fee motion should be denied, and his remaining hours should be reduced by fifty percent, resulting in twenty-five hours of compensable work, which is directly in line with defense counsel's own twenty-three hours of work. Using these calculations, Mr. Rothman should recover $8,750 in fees. Defendants do not object to Mr. Rothman's request for costs in the amount of $467.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion for attorneys' fees and costs and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 6, 2017

        ZACHARY CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2337

By:     /s/
        Elissa Fudim
        Senior Counsel
        Special Federal Litigation