UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KAYHEEM LILLY,

                            Plaintiff,

            - against -

THE CITY OF NEW YORK, NYPD DETECTIVE
MALCOM FREEMAN, NYPD POLICE OFFICER
SOUK KIM, NYPD OFFICER ANDREW HONG,
NYPD POLICE SERGEANT DONALD
CAMBRIDGE, NYPD DETECTIVE JORGE TAJEDA,
NYPD DETECTIVE FRANK BATISTA, NYPD
SERGEANT KEVIN WHETSTONE, JOHN DOE
SERGEANT, JOHN DOES, and RICHARD ROES,

                            Defendants.

**OPINION AND ORDER**

16 Civ. 322 (ER)

Ramos, D.J.

        Kayheem Lilly ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging,

*inter alia*, that he was the victim of false arrest, excessive force, and illegal detention by

members of the New York City Police Department ("NYPD").  Doc. 1.  Following an

unsuccessful mediation session, Defendants made—and Plaintiff accepted—an Offer of

Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Doc. 22.  Pending before

the Court is Plaintiff's motion for an award of reasonable attorney's fees and costs pursuant to 43

U.S.C. § 1988 and Rule 54(d) of the Federal Rules of Civil Procedure.  Doc. 25.  For the reasons

discussed below, the Court awards Plaintiff's counsel a total award of $28,128.99.

## I.        Background

        Plaintiff brought this action on January 15, 2016, alleging, *inter alia*, that he was falsely

arrested and subjected to excessive force by members of the NYPD on October 4, 2014, and

illegally stopped, detained, and issued summonses by other NYPD members on October 17, 2014.  Doc. 1.  Plaintiff filed an amended complaint on August 4, 2016.  Doc. 13.  A plan mediation session was held six weeks later.  Rothman Decl. ¶ 2; Fudim Decl. ¶ 4.  On October 25, 2016, mediation efforts ended without a settlement having been reached.  Rothman Decl. ¶ 2; Fudim Decl. ¶ 10.  The following day, Defendants made an Offer of Judgement pursuant to Rule 68 of the Rules of Civil Procedure for $10,001, plus reasonable attorney's fees, expenses, and costs incurred up to the date of the Offer.  Rothman Decl. ¶ 2, 4; Fudim Decl. ¶ 11.  Plaintiff accepted the Rule 68 Offer on October 27, 2016.  Rothman Decl. ¶ 2; Fudim Decl. ¶ 12.

Plaintiff was represented in this matter by Jeffrey A. Rothman.  Mr. Rothman is a graduate of the University of Pennsylvania Law School, where he was a research assistant for one of the leading civil rights practitioners in the country.  Rothman Decl. ¶ 12.  After graduating in 2001, Mr. Rothman worked for attorney Michael Spiegel, focusing on civil rights litigation and criminal defense work.  *Id.*  Mr. Rothman has operated a solo civil rights practice since 2004, and has handled at least 167 civil rights cases in this District alone.  *Id.* at 12, 14.

Mr. Rothman and Defendants attempted to negotiate a settlement concerning attorney's fees and costs, but were unsuccessful.  *Id.* at ¶ 3; Fudim Decl. 31 ¶ 13, 15.  On September 29, 2016, in accordance with 42 U.S.C. § 1988, Mr. Rothman filed the instant motion for an award of attorney's fees and costs, totaling $34,527.  Doc. 25.  Mr. Rothman seeks compensation for 50.3 hours of work up to the date of the Rule 68 judgment and 6.5 hours of work preparing the instant attorney's fee application at an hourly rate of $600 per hour, as well as 11.5 hours for work after the initial fee application and through the filing of Plaintiff's Reply at an hourly rate

of $625[1] per hour.  Pl.'s Reply at 11.  Defendants object to Mr. Rothman's motion on the grounds that (1) his requested hourly rate is excessive, (2) the amount of hours Mr. Rothman expended in the litigation are unreasonable, and (3) fees incurred after the Rule 68 Offer of Judgment are not recoverable.  *See* Defs.' Opp'n. at 1.

## II.    Legal Standards

Pursuant to 42 U.S.C. § 1988, a court may award "the prevailing party" in a civil rights action reasonable attorneys' fees and costs.  "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least *some relief* on the merits of his claim.  The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."  *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011) (emphasis added) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted)).  A party that accepts a Rule 68 Offer is considered a "prevailing party" under § 1988.  *See Barbour,* 788 F. Supp. 2d at 221.[2]  Plaintiff, having accepted a Rule 68 Offer from Defendants, may therefore be awarded reasonable attorneys' fees and costs as the prevailing party in this action.

As outlined by the Second Circuit, calculating a reasonable fee requires an inquiry into the reasonable hourly rate and multiplying that figure by the reasonable number of hours worked.  *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011) (stating that this figure is known as the "lodestar" amount).  In determining the reasonable hourly rate, "courts must look to the market rates 'prevailing in the community for similar services by lawyers of reasonably

---

[1] According to Mr. Rothman, he raised his rate from $600 to $625 per hour on January 1, 2016, which is in line with his general practice of raising his hourly rate a reasonable amount on New Year's Day.  *See* Rothman Reply Decl. ¶ 2.

[2] Rule 68 of the Federal Rules of Civil Procedure provides in pertinent part that "[a]t least 14 days before the date set for trial a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with costs then accrued."  Fed. R. Civ. P. 68(a).

comparable skill, experience, and reputation.'" *Ognibene v. Parkes*, No. 08 Civ. 1335 (LTS), 2014 WL 3610947, at *2 (S.D.N.Y. July 22, 2014) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)). In determining the reasonable number of hours worked, "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A court may discount a fee award when, for example, attorneys seek compensation for less-skilled work or furnish time entries that lack "sufficient specificity for the Court to assess the reasonableness of the amount charged in relation to the work performed." *Mautner v. Hirsch*, 831 F. Supp. 1058, 1077–78 (S.D.N.Y. 1993), *aff'd* in relevant part, 32 F.3d 37 (2d Cir. 1994).

Ultimately, a district court has broad discretion in setting fee awards. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987). "In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the case, as well as on its experience with the parties' evidentiary submissions and arguments." *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12 Civ. 5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted).

## III. Discussion

### A. Mr. Rothman's Hourly Rate

Defendants argue that Mr. Rothman's stated hourly rate of $600—and presumably his increased rate of $625 per hour for work on the Reply—is not in line with prevailing market rates in "garden variety" civil rights cases.[3] Defs.' Opp'n at 2–10. The crux of the dispute

---

[3] Defendants also contend that Plaintiff's hourly rate is excessive because he achieved "limited success" for Plaintiff. The Court rejects this argument outright. Defendants offered—and Plaintiff accepted—a sizeable amount ($10,001 plus reasonable attorney's fees, expenses, and costs), and the case law is clear that a Plaintiff who accepts a

between Mr. Rothman and Defendants is whether the Court may consider the relative simplicity or complexity of the litigation in determining a reasonable hourly rate.

In challenging Mr. Rothman's proposed hourly rate, Defendants primarily rely on *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2d Cir. 2007). In *Arbor Hill*, the Second Circuit defined a "reasonable hourly rate" as "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Additionally, the Court advised that district courts consider the following factors—which are based on the "*Johnson* factors" first articulated by the Fifth Circuit—when determining the reasonableness of an hourly rate:

> "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Id.* at 184.

Relying on *Arbor Hill*, Defendants argue that the Court should take into consideration the "simple" and "garden variety" nature of Plaintiff's case in determining whether Mr. Rothman's proposed hourly rate is reasonable. *See* Defs.' Opp'n at 5–10. According to Defendants, the Court should award Mr. Rothman an hourly rate of $350, which is the hourly rate that Mr.

---

Rule 68 Offer is a prevailing party for purposes of attorney's fees, regardless of what Plaintiff may have recovered under different scenarios.

Rothman received in *Tucker v. City of New York*, 704 F. Supp. 2d 347 (S.D.N.Y. 2010), a § 1983 case Defendants describe as "garden-variety."[4]  Defs.' Opp'n at 9.

Mr. Rothman argues that Defendants' reliance on *Arbor Hill* is misplaced.  As Mr. Rothman indicates, the Supreme Court's decision in *Perdue v. Kenny A. ex rel. Winn* appeared to cast doubt on the usefulness of the *Johnson* factors as a methodology for calculating attorney's fees, observing that the method "gave very little actual guidance to district courts."  559 U.S. 542, 551 (2010) (internal quotation marks and citation omitted).  In *Perdue*, the Supreme Court found the lodestar method to be preferable because it "looks to the prevailing market rates in the relevant community," and because it is "objective" and "thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results."  *Id.* at 551–52 (internal quotation marks and citations omitted).  In addition, the Supreme Court noted that the "lodestar figure" included "most, if not all, of the relevant factors constituting a reasonable attorney's fee."  *Id.* at 553 (internal quotation marks and citations omitted).  Mr. Rothman suggests that because *Arbor Hill* may no longer be good law in the Second Circuit in light of *Perdue*, "the relative simplicity or complexity of the case . . . do not bear upon the propriety of [Mr. Rothman]'s hourly rate."  Pl.'s Reply at 4.

The Court disagrees with Mr. Rothman's suggestion that *Arbor Hill* is no longer good law in this Circuit, and that the relative simplicity of this case is irrelevant to the setting of Mr. Rothman's hourly rate.  As another court in this District observed, *Arbor Hill* is not necessarily in conflict with *Perdue*:

> "The consequent demise of *Arbor Hill* may, however, be more apparent than real.  The *Perdue* Court focused on enhancements to an attorneys' fees award applied by the district court.  Moreover, the *Arbor Hill*

---

[4] Defendants contend that even though *Tucker* was decided in 2010, "the $350 hourly rate . . . is not inconsistent with current hourly rates for attorneys with fifteen years of experience in garden variety § 1983 cases."  Defs.' Opp'n at 10.

> decision, at its core, simply instructs district courts to take the *Johnson* factors (and other factors) into account when determining the reasonable hourly rate, and then to use that reasonable hourly rate to calculate the presumptively reasonable fee. . . . This approach, though it uses different terminology, is not at odds with the Supreme Court's reasoning in *Perdue* because like the lodestar, it takes into account all the relevant factors in setting a reasonable rate, and then uses that rate to determine the reasonable fee award." *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 516 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

More importantly, the Second Circuit has not overruled *Arbor Hill* and has explicitly endorsed—post-*Perdue*—the consideration of the *Johnson* factors, as articulated in *Arbor Hill*, in setting the reasonable hourly rate. *See K.L. v. Warwick Valley Central School District*, 584 F. App'x 17, 19 (2d Cir. 2014) ("Because we have instructed district courts to consider the *Johnson* factors, including 'the time and labor required,' 'the novelty and difficulty of the questions,' and 'the level of skill required to perform the legal service properly,' in setting the reasonable hourly rate . . . we cannot conclude that the district court abused its discretion in setting the hourly rate here.") (internal quotation marks and citation omitted); *Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 3–4 (2d Cir. 2013) ("[We] have directed consideration of 'the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees'—including the *Johnson* factors—'in setting a reasonable hourly rate.'") (internal quotation marks and citation omitted). Therefore, the Court will consider whether the relative simplicity or complexity of the case at hand justifies hourly rates of $600 and $625.

Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650. *Abdell v. City of New York*, No. 05 Civ, 8453 (RJS), 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015) (listing cases). The Court finds that

Mr. Rothman's qualifications and experience support an hourly rate near the top of the range.[5] However, the lack of complexity and relatively brief duration of this case indicate that hourly rates of $600 and $625 are unreasonable.

In support of the reasonableness of his claimed $600 and $625 hourly rates, Mr. Rothman primarily relies on *Restivo v. Nassau County*, No. 06 Civ. 2015 (JS), WL 7734100l (E.D.N.Y. Nov. 30, 2015) (awarding an hourly rate of $700), *Rozell v. Ross-Holst*, 576 F. Supp.2d 537 (S.D.N.Y. 2008) (awarding an hourly rate of $600), *Barbour v. City of White Plains*, 788 F. Supp. 2d 216 (S.D.N.Y. 2011) (awarding an hourly rate of $625), and *DeCurtis v. Upward Bound International*, No. 09 Civ. 5378 (RJS), 2011 WL 4549412, at *1 (S.D.N.Y. Sept. 27, 2011) (awarding an hourly rate of $550). Mr. Rothman also relies on *Bailey v. Pataki*, No. 08 Civ. 8563 (JSR), 2016 WL 3545941 (S.D.N.Y. June 16, 2016), a case in which Judge Rakoff in this District awarded Mr. Rothman an hourly rate of $550.

The Court finds that compared to the lead attorneys in *Restivo*, *Rozell*, *Barbour*, and *DeCurtis*, Mr. Rothman has comparable experience and qualifications. However, in spite of Mr. Rothman's extensive experience, the duration and simplicity of this case warrant a reduction of his claimed hourly rates, especially when compared to the cases Mr. Rothman cites. The *Restivo* case was "vigorously litigated for eight years" and included 35 depositions, extensive DNA evidence, a *Daubert* hearing, joinder issues, and two trials—one which lasted 31 trial days and included 42 witnesses. *Restivo*, WL 7734100l, at *3. The *Rozell* case involved "highly contentious litigation" with counterclaims, numerous court conferences, at least 11 discovery orders, and summary judgment motions; it was only settled on the eve of trial. *Rozell*, 576 F. Supp. 2d at 532–34. The *Barbour* case involved four years of litigation. *See Barbour*, 788 F.

---

[5] Defendants do not challenge Mr. Rothman's claimed hourly rate on the basis of his qualifications and/or experience.

Supp. 2d at 219.  Defendants in the *DeCurtis* case never appeared in the case, thus the court granted attorney's fees without hearing arguments challenging the reasonableness of the plaintiff's claimed hourly rates.  *DeCurtis*, 2011 WL 4549412, at *2.  With respect to *Bailey*— the case in which Judge Rakoff awarded Mr. Rothman an hourly rate of $550—Mr. Rothman himself describes the matter as an "eight year long, complex litigation" involving a "3 ½ week long trial" and "ground-breaking conclusions of law."  Rothman Decl. ¶ 35.

The current matter, in contrast, lasted less than 10 months, required no depositions, and involved no substantial motions or briefings.  *See* Docket.  The parties never appeared before this Court and the case was resolved six weeks after the failed mediation session.  *See* Docket.  The Court takes notice of the various declarations from Mr. Rothman's colleagues attesting that an hourly rate of $600 is reasonable for an attorney of Mr. Rothman's experience and qualifications.  *See* Exhibits 2–5.  Nonetheless, the Court finds that the short and relatively straightforward nature of this case indicates that Mr. Rothman's claimed hourly rates should be reduced.

A reasonable hourly rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).  Thus, in assessing the appropriate reduction to be applied to Mr. Rothman's requested hourly rate, the Court looks to recent awards of attorney's fees in similar cases in this District involving attorneys with similar experience and qualifications as Mr. Rothman.  In particular, the Court considers the following cases relevant to its determination:

- In *Williams v. City of New York*, a solo civil rights practitioner who graduated from Georgetown University Law Center in 2003—three years after Mr. Rothman graduated from the University of Pennsylvania Law School—was awarded an hourly rate of $400 in a civil rights case resolved after the plaintiff accepted a Rule 68 Offer of Judgment.  No. 16 Civ. 233 (JPO), 2017 WL 1906899, at *2 (S.D.N.Y. May 9, 2017).

- In *Shabazz v. City of New York*—a § 1983 case that was resolved when the City made a Rule 68 Offer of Judgment following an unsuccessful mediation—an attorney with two more years of experience than Mr. Rothman was awarded an hourly rate of $350 for "straightforward" participation in the case. No. 14 Civ. 6417 (GHW), 2015 WL 7779267, at *4 (S.D.N.Y. Dec. 2, 2015).

- In *Charles v. City of New York*, the court reduced the hourly rate of an attorney with 25 years of experience from his requested $500 to $450. No. 13 Civ. 3547 (PAE), 2014 WL 4384155, at *4 (S.D.N.Y. Sept. 4, 2014). That case was relatively straightforward, reaching resolution when the plaintiff accepted a Rule 68 Offer of Judgment approximately one year after filing her complaint. *Id.* at *1.

Taking into account Mr. Rothman's extensive experience and qualifications, as well as the relatively straightforward nature of the case at hand and the determinations made in the recent comparable cases discussed above, the Court finds that an hourly rate of $450 is appropriate.

**B. <u>Number of Hours Expended</u>**

The fee applicant bears the burden of demonstrating the number of hours expended and the type of work performed through contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). The records, however, need not specify "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989) (internal quotation marks and citations omitted).

The court has an obligation to exclude requested hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Harrell v. Van der Plas*, 2009 WL 3756327,

at *6 (S.D.N.Y. Nov. 9, 2009) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)); *see also Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994) (finding that "[c]ounsel for the prevailing party must exercise 'billing judgment;' that is, he must act as he would under the ethical and market restraints that constrain a private sector attorney's behavior in billing his own clients) (citation omitted).

According to his time and expense sheets, Mr. Rothman provided 50.3 hours of work up to the date of the Rule 68 Offer. *See* Rothman Decl. Ex. A. Defendants contend that the "hours allegedly expended by Mr. Rothman are clearly inflated and inappropriate," and should be reduced. Defs.' Opp'n at 11. Defendants specifically challenge three categories of time entries: (1) tasks that are clerical in nature; (2) time spent drafting the Complaint and Amended Complaint; and (3) time spent reading and sending emails. Each category is discussed in turn.

### i. Clerical Tasks

Defendants argue that Mr. Rothman is not entitled to compensation for tasks that are "clearly clerical in nature" (e.g., sending faxes, printing documents, calling medical offices for records). Defs.'s Opp'n at 12. Defendants also question Mr. Rothman's decision to personally effect process on Defendants, "rather than having hired a process server for a small fraction of the price." *Id*. Mr. Rothman, on the other hand, argues that "there is significant authority that solo practitioners [like Mr. Rothman] are entitled to bill at their regularly hourly rates when they do [clerical] tasks themselves." Pl.'s Mem. at 6.

Mr. Rothman's exaggerates when he asserts that there is "significant authority" supporting his position. In this Circuit, district courts have declined to award compensation for clerical or administrative tasks at an attorney-level hourly rate, even when solo practitioners are involved. *See, e.g., Chauca v. Park Management Systems, LLC*, No. 10 Civ. 05304 (ENV)

(RER), 2016 WL 8117953, at *4 (E.D.N.Y. July 18, 2016) ("[Counsel] acknowledges that administrative tasks are 'not usually considered recoverable,' but argues that because she is a solo practitioner she should be able to recover these costs. [Counsel] is not able to recover time spent on administrative tasks when billed at an attorney's hourly rate because a reasonable client would not pay an attorney's rate for the performance of administrative or clerical work. Recovery for administrative tasks is permitted, however, when billed at the paralegal rate.") (internal quotation marks and citations omitted); *Watrous v. Borner*, 995 F. Supp. 2d 84, 92 (D. Conn. 2014) ("As a solo practitioner, [Counsel] is doubtless obliged to perform many tasks in prosecuting a case which, in a firm, would be handled by lawyers and non-lawyers billing at different rates. That counsel did all work in this case himself does not make that work uniformly worth the hourly rate a lawyer may charge for legal work. In recognition both of that fact and of the difficulty of apportioning entries or engaging in line-by-line rate adjustments, and after review of the time records for tasks that could have been handled by a non-lawyer, the court reduces the adjusted lodestar amount . . . .").

Accordingly, the Court finds that Mr. Rothman is not entitled to his regular hourly rate for clerical tasks, despite being a solo practitioner; instead he is entitled to compensation at a paralegal rate. However, the Court notes that many of Mr. Rothman's time entries blend clerical tasks with legal tasks for which he is entitled to compensation at an attorney hourly rate. Thus, instead of apportioning entries in line-by-line adjustments—which would be a time-consuming and potentially arbitrary task—the Court, in its discretion, reduces Mr. Rothman's lodestar amount by 10 percent to account for the lower compensation awarded for clerical tasks.

*ii. Time Spent Drafting the Complaint and Amended Complaint*

Defendants challenge the seven hours that Mr. Rothman billed for drafting the Complaint, which they describe as consisting of "only 111 short paragraphs, more than half of which are reusable formulaic causes of action that Mr. Rothman could have copy/pasted from any of the 167 civil rights cases that he states he has litigated in this District." Defs.' Opp'n at 12. Defendants also contend that "there is no way that Mr. Rothman spent an hour" drafting the Amended Complaint, which contains only two new paragraphs. *Id*.

As stated, the relevant inquiry in determining the number of hours that were reasonably expended is whether "a reasonable attorney would have engaged in similar time expenditures." *Harrell*, 2009 WL 3756327, at *6 (internal quotation marks and citation omitted). The Court finds that a reasonable attorney would have spent seven hours drafting a complaint in this matter. Even if Mr. Rothman could have reused certain portions of other complaints filed in this District, he presumably spent a significant portion of his time drafting the factual allegations unique to this case, which comprise approximately half of the Complaint. Additionally, the Court finds that a reasonable attorney would have spent an hour drafting the Amended Complaint, even if it only added two paragraphs to the original Complaint. Accordingly, the Court will not reduce Mr. Rothman's claimed hours in connection with the drafting of the Complaint and Amended Complaint.

*iii. Time Spent Reading and Sending Emails*

Defendants contend that "Mr. Rothman has clearly inflated his hours" related to reading and sending emails, as evidenced by an August 4, 2016 entry in which Mr. Rothman bills 30 minutes for sending Defendants three, two-sentence emails. *Id*. at 12. Thirty minutes is not an

unreasonable amount of time to spend drafting three separate emails. The process of drafting emails often involves more than transcribing one's thoughts. As Mr. Rothman's August 4, 2016 emails suggest, drafting may entail thoroughly considering the email's content before typing, finding and attaching relevant documents, and refreshing one's memory of facts that may need to be communicated to the other party. Moreover, Mr. Rothman's time entries provide details about the participants and content of each email communication, further confirming the legitimacy of the entries. Accordingly, the Court disagrees with Defendants' suggestion that Mr. Rothman has inflated his email-related time entries and will not reduce Mr. Rothman's claimed hours in this respect.

In total, the Court finds that Mr. Rothman is entitled to compensation for 50.3 hours of work up to the date of the Rule 68 Judgment at an hourly rate of $450, minus a 10% across-the-board deduction to account for a reduced rate for clerical tasks, totaling $20,371.50.

## C. **Fees on Fees**

Mr. Rothman seeks compensation for 6.5 hours of work preparing the initial application for attorney's fees and 11.5 hours of work after the initial application and through the filing of the Reply. Pl.'s Reply at 11. Defendants contend that the Court should not award fees in connection with the application ("fees on fees") because Mr. Rothman acted in bad faith by rejecting an offer of attorney's fees in the amount of $8,000 and subsequently rejecting an offer of a global settlement for $25,000 (i.e., $15,000 in attorney's fees). Defs.' Opp'n at 14.

The Second Circuit has long held that courts have discretion to award fees on fees. *See Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980); *Johnson v. City of New York*, No. 11 Civ. 06176 (ENV), 2016 WL 590457, at *6 (E.D.N.Y. Feb. 11, 2016). In the

context of Rule 68 judgments, however, courts in this Circuit do not follow a uniform practice of awarding fees on fees. *See Johnson*, 2016 WL 590457, at *6. Some courts have held that language expressly limiting recoverable fees and expenses to those incurred prior to the Rule 68 Offer—language that is found in the Rule 68 Judgment in the case at hand—precludes recovery of fees on fees. *See Long v. City of New York*, No. 09 Civ. 699 (AKH), 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) ("Finally, plaintiff's counsel is not entitled to fees and expenses for work done in preparing and filing this motion. The Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer."); *Schoolcraft v. City of New York*, No. 10 Civ. 6005 (RWS), 2016 WL 4626568, at *13 ("The Rule 68 Judgment provides 'plaintiff shall be entitled to reasonable attorney's fees, expenses, and costs to the date of this offer. . . . On the terms of the agreement alone, fees-on-fees are denied."). Other courts have awarded fees on fees—despite limiting language in the Rule 68 judgment—where one of the parties failed to negotiate the fees in good faith. *See Long*, 2010 U.S. Dist. LEXIS 81020, at *5–6 (S.D.N.Y. Aug. 6, 2010) ("The Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer. If the City's dispute over recoverable fees were in bad faith, then compensation for the work necessary for plaintiffs' fee application may be justified."); *Schoolcraft*, WL 4626568, at *13 ("Although some courts have permitted such fees . . . they are not warranted here where Plaintiff's counsel did not attempt to settle the matter prior to filing, and did not exercise billing (or filing) judgment in their fee request and motion practice despite an awareness of the issues presumably raised in settlement discussions . . . ."). Yet other courts have taken a broader approach, granting fees on fees when they are reasonable, even in the absence of bad faith. *See Rosado v. City of New York*, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012) ("[A]s a matter of equity, plaintiff should be awarded

some amount for the time his counsel spent in preparing the instant fee application. By not settling the attorneys' fees issue, the City was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney's fees.'").

The Court finds that the parties' inability to reach an agreement regarding attorney's fees prior to the filing of the instant motion was not the result of bad faith by either party. They were simply unable to agree on an amount that both believed was reasonable; neither Mr. Rothman nor Defendants have pointed to conduct that rises to the level of bad faith. Nonetheless, the Court finds that as a matter of equity, Mr. Rothman should be awarded fees for the time he spent preparing the application. The number of hours Mr. Rothman expended—6.5 hours preparing the initial application and 11.5 hours preparing the Reply—is reasonable, and Defendants were certainly on notice that Mr. Rothman's fee application would include a fees on fees component. Accordingly, the Court grants attorney's fees for 18 hours of work in connection with the instant motion, at an hourly rate of $450. Because Mr. Rothman's application indicates that he included clerical tasks in his application for fees on fees,[6] the Court also deducts 10% from this portion of the award, for a total of $7,290.

**D. Costs**

In addition to the requested attorney's fees, Mr. Rothman seeks $467.49 in costs. Mot. For Attorneys' Fees and Costs, Doc. 25. Costs should "include those reasonable out of pocket expenses incurred by attorneys and ordinarily charged to their clients." *U.S. Football League*, 887 F.2d at 416.

---

[6] For example, Mr. Rothman included time entries for, among other things, printing, making paper and disc courtesy copies, going to Kinko's to have documents velobound, and making PDFs. *See* Rothman Reply Decl., Exhibit 14.

Plaintiffs' costs consist of the Court's $400 filing fee, in addition to $67.49 in obtaining relevant medical records and service-related fees. Rothman Decl. Ex. 1. Defendants do not object to these costs, and the Court finds that they were indeed "incidental and necessary to the representation" of Plaintiff. *U.S. Football League*, 887 F.2d at 416. $467.49 in costs shall therefore be included in Counsel's total award.

## IV.     Conclusion

For the reasons set forth above, the Court awards Mr. Rothman $27,661.50 in attorney's fees and $467.49 in costs, for a total award of $28,128.99. The Clerk of Court is respectfully directed to enter judgment accordingly, terminate the motion, Doc. 25, and close this case.

It is SO ORDERED.

Dated:  August 15, 2017
        New York, New York

                                        Edgardo Ramos, U.S.D.J.
                                        United States District Judge